**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MARY DICKENS,

                Plaintiff,

v.                                  1:08-cv-1592-WSD

DEKALB COUNTY SCHOOL
DISTRICT,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Mary Dickens's ("Plaintiff") Amended/Substitution for Plaintiff's Motion for Leave to Restate and Amend Complaint ("Amendment Motion 2") [46] and Plaintiff's Motion to Restate and Amend Complaint in Response to Defendants [sic] Objections to Form ("Amendment Motion 3") [66]. The pleadings before the Court are emblematic of the manner in which this case has been litigated by the parties, and the evolving nature of Plaintiff's claims. Plaintiff has filed three proposed amended complaints. The motions that the Court considers in this Order are the second and third requested amendments. The claims in this action are, in short, a moving target. Against this backdrop, the Court considers Plaintiff's latest motions to amend.

## I. BACKGROUND

This action was filed on April 28, 2008. In her original Complaint, Plaintiff alleged three claims: disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791 et. seq.; disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); and retaliation for engaging in protected activity. On December 5, 2008, over six months after the case was first filed, Plaintiff moved to amend her complaint to add factual and procedural context for her allegations. Defendant did not oppose the amendment request, and it was allowed by the Court. The Amended Complaint asserted the same basic disability discrimination and retaliation claims that were asserted in the original complaint.

On December 11, 2008, the parties filed their Joint Preliminary Planning Report and Discovery Plan (the "Joint Report"). The Joint Report was approved and entered as an order of the Court on December 18, 2008. The Joint Report, in paragraph 6, entitled "Amendment to the Pleadings," provides "[a]mendments to the pleadings submitted **LATER THAN THIRTY (30) DAYS** after the (Joint Report) is filed . . . will not be accepted for filing, unless otherwise permitted by

law."[1]  Doc. 12.  Plaintiff's Amendment Motion 2 and Amendment Motion 3 were filed four and five months, respectively, after the deadline for amendments set out in the Joint Report and over a year after this action was initiated.

The amendments to the complaint that are the subject of the pending motions include a variety of additional claims.  The proposed Amended Complaint that was attached to Amendment Motion 2 (Amended Complaint # 2) alleges a claim for Retaliation in Violation of the ADA (Count I), a new claim for Failure to Accommodate in Violation of ADA and Defendant's Policies/Procedures (Count II), a new claim for Constructive Termination (Count III), and a new claim for Negligent Promotion and Supervision (Count IV).  Amended Complaint # 2 does not contain a Rehabilitation Act claim and the Court concludes this claim has been abandoned by Plaintiff.

In the Amended Complaint attached to Amendment Motion 3 (Amended Complaint # 3), filed a month after Amendment Motion 2, Plaintiff seeks to assert six claims: Retaliation in Violation of the ADA (Count I), Failure to Accommodate in Violation of ADA (Count II), Failure to Accommodate in Violation of Defendant's Policies/Procedures (breach of contract by failing to act in good faith

---

[1] While paragraph 6 states that amendments will not be accepted, they are accepted for filing by our Clerk of Court so there is a record of the pleading.

and fair dealing) (Count III),[2] Constructive Termination in Violation of ADA (Count IV), a new claim for Constructive Termination-Breach of Contract (Count V), and Negligent Promotion and Supervision (Count VI).

In her short four-page Amendment Motion 2, Plaintiff asserts her reasons for the amendments in Amended Complaint # 2: (1) that the parties conducted some additional discovery and "[i]n failing to produce records requested, the Defendant asserted that 'technically there were no Rule or Regulations' even though Plaintiff was cross-examined on such, failing to produce the records as ordered by April 17, 2009," and "additional Rules and Regulations a/k/a Policies and Procedures were produced" at a deposition and "key past performance evaluations" were missing from Plaintiff's personnel file; (2) that Plaintiff was "unaware of the negligence [sic] promotion and supervision claim until Principal Terry McMullen was deposed" and "court ordered documents" were produced; and (3) that Plaintiff sought to set forth causes of action in separate counts. Doc. 46, ¶¶ 2-5. Plaintiff also states in Amendment Motion 2 that she "seeks to withdraw her claim for a federal violation except as it relates to the Defendants [sic] retaliation and for filing

---

[2] Plaintiff appears to have divided Count II from Amended Complaint #2 (Failure to Accommodate in Violation of ADA and Defendant's Policies/Procedures) into Counts II and III in Amended Complaint #3 (Failure to Accommodate in Violation of ADA and Failure to Accommodate in Violation of Defendant's Policies/Procedures).

4

a complaint with EEOC [sic] and for failing to provide an accommodation." Id. at ¶ 6.

In her three-page Amendment Motion 3, Plaintiff states that she seeks to file "a final version[3] that more accurately conforms to the facts." Doc. 66, ¶ 2. Plaintiff does not offer any reason or explanation to justify the new breach of contract claim she now seeks to allege a year after the litigation was filed.

## II. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment to a complaint once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a). Where a responsive pleading has been served, a plaintiff may amend the complaint only by leave of court or written consent of the adverse party. Id. "The court should freely give leave when justice so requires." Id. "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003); accord Foman v. Davis, 371 U.S. 178, 182 (1962). The Court is also required to enter a scheduling order in its cases, which limits the time "to join other parties, amend the pleadings, complete discovery, and file

---

[3] The Court assumes Plaintiff seeks to "finalize" some prior version of the Complaint, but it is unclear to which version she is referring.

motions." Fed. R. Civ. P. 16(b). "A schedule may be modified only for good cause and with the judge's consent." Id. The good cause standard for modification of a scheduling order "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). In cases where a plaintiff seeks leave to amend the complaint outside of deadlines set in the scheduling order, the plaintiff must show "good cause" for the Court to modify its order and allow amendment. Id. at 1419; Alexander v. AOL, 132 Fed. App'x 267, 269 (11th Cir. 2005).

With Amendment Motions 2 and 3, Plaintiff appears to seek to add three new claims – Negligent Promotion and Supervision, Failure to Accommodate in Violation of Defendant's Policies/Procedures (which Plaintiff claims is "breach of contract by failing to act in good faith and fair dealing"), and Constructive Termination - Breach of Contract. Plaintiff also apparently seeks to divide her ADA discrimination claim into claims of Failure to Accommodate in Violation of ADA and Constructive Termination in Violation of ADA.

Plaintiff makes several conclusory and ambiguous arguments in support of Amendment Motions 2 and 3. Her basis to amend is not coherent, and is vague and superficial. Plaintiff appears to claim that, near the close of the discovery

period, she discovered certain undescribed policy and procedure documents and some personnel records. Plaintiff suggests that these documents revealed that she has new claims that are apparently based on conduct that occurred over a year ago. Yet, Plaintiff maintains that she was unaware that these claims existed previously. It is not credible that Plaintiff first realized she was not fairly promoted to some position or that some agreement she had with Defendant was breached until she recently reviewed some documents.

Plaintiff also fails to provide any cogent argument for how this "information" she discovered supports her "new claims." Assuming there is support for the new claims – which the Court is convinced there is not, the Court agrees with Defendant that to allow these new claims at this stage would unduly delay the litigation.

Plaintiff's attempt to divide her ADA disability discrimination claim into separate claims of failure to accommodate and constructive termination also fails. It is untimely and Plaintiff has not provided the requisite showing of "good cause" to allow the amendment.

### III. CONCLUSION

Based on the requirements of Rule 15(a) of the Federal Rules of Civil Procedure and the terms approved by the Court in the Joint Report,

**IT IS HEREBY ORDERED** that Plaintiff's Amended/Substitution for Plaintiff's Motion for Leave to Restate and Amend Complaint [46] and Plaintiff's Motion to Restate and Amend Complaint in Response to Defendants [sic] Objections to Form [66] are **DENIED**.[4]

**IT IS FURTHER ORDERED** that Plaintiff's response to Defendant's Motion for Summary Judgment shall be filed on or before August 20, 2009.

**SO ORDERED** this 4th day of August, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because Plaintiff's Rehabilitation Act claim has been abandoned, the case will proceed on Plaintiff's ADA disability discrimination claim and retaliation claim as set forth in the First Amendment to Complaint.